IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER J. BUYES,                        03:11-cv-00487-HU

        Plaintiff,                              ORDER

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

MARSH, Judge

    Magistrate Judge Dennis J. Hubel issued a Findings and Recommendation on August 27, 2012, recommending that the Court affirm the Commissioner's decision denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff timely filed Objections to the Findings and Recommendation, and defendant has filed a response. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo*

1 - ORDER

determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(B); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.)(*en banc*), <u>cert. denied</u>, 540 U.S. 900 (2003); <u>accord</u> <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).

The court has given the file of this case a *de novo* review, and has carefully evaluated the Magistrate Judge's Findings and Recommendation, the parties' objections, and the record of the case. The Findings and Recommendation is adopted.

## DISCUSSION

### I. **Plaintiff's Objection to the Magistrate's Findings Regarding Step Three.**

The ALJ found that plaintiff did not meet or equal Listing 1.04, disorders of the spine, because he "lacks the requisite motor and sensory deficits and there is no evidence of spinal arachnoiditis or spinal stenosis resulting in pseudoclaudication." Tr. 14. In the Findings and Recommendation, Magistrate Hubel concluded that the ALJ correctly determined that plaintiff's limitations do not rise to Listing level in severity.

In his objections, plaintiff contends that the ALJ erred in failing to determine that his impairments equal Listing 1.04. Plaintiff appears to argue that he equals Listing 1.04C because his antalgic gait, diminished reflexes and diminished reflexes

establish that he cannot effectively ambulate. I agree with Judge Hubel, however, that plaintiff's records do not demonstrate an inability to effectively ambulate. See, e.g., Tr. 580-81, 612, 618. Having carefully reviewed plaintiff's medical records, the ALJ's conclusion that plaintiff has not established that his impairment or combination of impairments is equivalent to Listing 1.04 is supported by substantial evidence. See Sullivan v. Zebley, 493 U.S. 521, 531 (1990), superseded by statute on other grounds, (to equal a Listing, claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.").

I also reject plaintiff's suggestion that the ALJ erred in failing to consider whether plaintiff's functional limitations meet another unlisted impairment within Listing 1.00. To prevail on this Step Three argument, plaintiff must proffer a plausible theory as to how his combined impairments equal the criteria for a specific listing impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005); Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001). However, plaintiff's objections do not identify any other specific musculoskeletal listing impairment, nor a plausible theory of equivalence. Accordingly, the ALJ did not err at Step Three, and plaintiff's first objection is rejected.

////

////

3 - ORDER

## II. Plaintiff's Objection to the Magistrate's Findings on GAF Scores and Mental Illness.

In his second objection, plaintiff contends that Judge Hubel failed to properly consider the evidence of his Global Assessment of Functioning (GAF) scores. Plaintiff's mental health care providers, Stephen Barry, Ph.D. and Utako Sekiya, M.D., assigned GAF scores consistently ranging from 50 to 55, indicating moderate symptoms or moderate difficulty in occupational functioning. *Diagnostic and Statistical Manual of Mental Disorders* 34-35 (4th ed. Text Revision 2000). However, plaintiff does not further challenge Judge Hubel's conclusion that the ALJ adequately assessed Dr. Barry's and Dr. Sekiya's opinions. A GAF score is just one aspect of a health care provider's opinion, and a GAF score alone cannot establish disability. Gardner v. Astrue, 2009 WL 1505303, *10 (D. Or. May 27, 2009); Alsup v. Astrue, 2012 WL 3817795, *4 (Sept. 4, 2012). Because I find no error in the ALJ's evaluation of Dr. Barry's and Dr. Sekiya's opinions, including their GAF scores, plaintiff's argument is rejected.

Plaintiff also complains that Judge Hubel improperly considered plaintiff's failure to consistently take his anti-depressants as bearing on his credibility. As Judge Hubel correctly found, substantial evidence supports the ALJ's conclusion that plaintiff stopped taking Paxil when he began to feel better. Moreover, plaintiff has not cited any medical evidence that his

4 - ORDER

failure to consistently take his anti-depressants is attributable to mental illness rather than his own preference, and therefore plaintiff's reliance on Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996), is misplaced. See Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012)(ALJ validly discounted claimant's credibility for failing to seek recommended psychiatric treatment). Thus, plaintiff's second objection is denied.

Plaintiff's remaining objection reiterates arguments contained in his Opening Brief and Reply and does not merit discussion. In summary, I have carefully considered plaintiff's Objections and conclude that they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the record *de novo*, and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

Accordingly, I ADOPT Magistrate Judge Hubel's Findings and Recommendation #31. IT IS ORDERED that the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this **22** day of OCTOBER, 2012.

*/s/ Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

5 - ORDER